Connor Lynch (SBN 301538)
connor@lynchllp.com
Sean Lynch (SBN 292508)
sean@lynchllp.com
LYNCH LLP
1620 5th Avenue, Suite 650
San Diego, California 92101
(949) 229-3141

Attorneys for Plaintiff Sara Pope

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sara Pope,<br><br>    Plaintiff,<br><br>              v.<br><br>The Mill Group Inc.; Kylie Jenner; NBCUniversal Media, LLC; E! Entertainment Television, LLC; Does 1–10<br><br>    Defendants. | Civil Action No. 2:17-cv-05481<br><br><br>Complaint for Copyright Infringement and Unfair Competition<br><br><br>DEMAND FOR JURY TRIAL |

COMPLAINT

Plaintiff, by and through her attorneys of record, alleges as follows:

**Factual Allegations**

1. Plaintiff Sara Pope has been painting for more than a decade, and her work has been featured in art galleries in Singapore, Japan, Brazil, and across the United Kingdom, as well as in New York art fairs. Prints of her work are sold in Los Angeles.

2. Ms. Pope depends on her art to earn a living. And the copyright protection her work enjoys deters would-be thieves from copying and profiting from her work without her permission.

3. In this case, copyright protection did nothing to deter Defendants from copying Ms. Pope's "Temptation Neon" and using it, without permission, for their own profit.

**"Temptation Neon"**

4. Temptation Neon is one of Ms. Pope's most popular original works. It has been one of the top of Google searches for "neon lips" at least since 2016, and it embodies Ms. Pope's distinct artistic style:



Temptation Neon

5.  Temptation Neon began like many of Ms. Pope's other works: with a model, makeup, and a photoshoot. As photographer, Ms. Pope elicited powerful emotions from her model, drawing out emotions of love, happiness, and flirtation. She captured emotion in photograph; then, she painted. Several thin layers of oil overlaid to create a translucent, glass-like, hyper-realist quality; neon tube lights created to exact specification and installed; more paint, layered and allowed to drip. After a few more tweaks and adjustments, Temptation Neon came to be.

6.  The finished artwork conveys glamour, intimacy, and sexual power—themes familiar to Defendant Kylie Jenner, who is building her brand around those themes.

7.  Ms. Pope finished work on Temptation Neon shortly before October 2015, when the work was published.

8.  On October 4, 2015, Ms. Pope posted a digital image of Temptation Neon to her Instagram account (@sarapopeartist).



9.  Temptation Neon fast received online traction and quickly became one of the top Google image search results for "neon lips." Throughout 2016, Google

image searches for "neon lips" and similar terms would reveal Temptation Neon as the highest, or one of the highest, image search results. As of July 21, 2017, Temptation Neon remained one of the top Google image search results for "neon lips," visible at the top of page one:

10. As Temptation Neon's popularity grew, so too did the incentive to copy.

### Kylie Jenner

11. Defendant Kylie Jenner is an Instagram star. According to Forbes magazine, Kylie Jenner earned approximately $3.6 million from sponsored posts on the social media website in 2016, and on average, her Instagram posts generate 1.75 million engagements. Forbes has estimated that a sponsored post on Kylie's social media would be worth at least $200,000.

12. Despite her prominent status, Kylie Jenner's record of copyright infringement lawsuits is alarming. In November 2016, Kylie was accused of infringing the copyrighted work of Vlada Haggerty. The image below depicts, on the left, images posted to Kylie Jenner's Instagram feed, and on the right, images that first appeared on Vlada Haggerty's Instagram feed:



13. In June 2017, Kylie Jenner and her sister Kendall's clothing line was accused of infringing copyrights in photographs of prominent rock and rap icons—including Notorious B.I.G., Tupac Shakur, Biggie Smalls, Black Sabbath, Metallica, Pink Floyd, the Doors, Kiss and Led Zeppelin—for shirts that overlaid the sisters' faces on the iconic images. As a result of the lawsuit, the shirts are no longer sold.

**Copying "Temptation Neon"**

14. Defendants sought to build a brand through artwork that captures glamour, intimacy, and power. By their zeal, they found Temptation Neon, and they copied it for their own profit—without consent, credit, or compensation. Temptation Neon and the unauthorized version are strikingly similar when viewed in side-by-side comparison:



*Temptation Neon*      *Unauthorized Version*

15. Ms. Pope's Temptation Neon features bright, glossy lips in a "lip bite" pose in the bottom right (stage right) portion of the lips. The lip is bitten primarily by the front right tooth. The neon tube lighting traces an outline around the lips, contouring and accentuating the dip of a pronounced philtrum. Several drips of paint flow behind the neon tube lighting. Ends of the neon tube dip in at the bottom of the lips. And the unauthorized version copies the entire arrangement.

16. All Defendants, including Kylie Jenner, have copied Temptation Neon to promote Kylie Jenner's new reality television show. In the opening of a thirty-second promotional video available online at eonline.com/shows/life_of_kylie ("'Life

of Kylie' on E! – First Look"), the unauthorized version of Temptation Neon appears.

17. A second, fifteen-second promotional video, also available online at eonline.com/shows/life_of_kylie ("'Life of Kylie' Coming This August on E!") also uses the same unauthorized version of Temptation Neon.

18. In addition to appearing on websites operated by Defendants, the trailer featuring the unauthorized copies of Ms. Pope's work has been posted to Kylie Jenner's Twitter feed.

19. Artists like Ms. Pope rely on recognition—not only of their artwork, but also of their identities and their originality—to give value to their work. Defendants used Temptation Neon without permission in promotional social media posts and in a promotional video featured online and in advertisements across the United States. They are building their brand and goodwill at Ms. Pope's expense.

20. In spite of the obvious similarity between Temptation Neon and the unauthorized version that appears in promotional advertising for "Life of Kylie," Defendant The Mill Group Inc. insists that all similarities are "coincidental only."

21. This lawsuit seeks all damages to which Ms. Pope is entitled for the unlawful acts of Defendants.

**Parties**

23. Plaintiff Sara Pope is an artist based in London, UK, whose work has been featured and sold in art galleries throughout the world.

24. Upon information and belief, Defendant Kylie Jenner principally resides in the Central District of California.

25. Defendant E! Entertainment Television, LLC is a corporation organized and existing under the laws of Delaware, with its principal place of business at 100 Universal City Plaza, Universal City, California. E! Entertainment Television, LLC is a wholly-owned subsidiary of Defendant NBCUniversal Media, LLC.

26. Defendant NBCUniversal Media, LLC ("NBCU") is a Delaware limited liability company with its principal place of business at 30 Rockefeller Plaza, New York, New York. NBCUniversal Media, LLC is engaged in, among other things, the production and distribution of television programs.

27. The Mill Group Inc. is a New York corporation with its principal place of business at 451 Broadway, 6th Floor, New York, NY 10013. The Mill Group Inc. does business in California as The Mill, and its principal office in California is 3233 La Cienega Blvd., Los Angeles CA 90016. The Mill was engaged by NBCU to produce the promotional material featuring unauthorized versions of Temptation Neon.

28. The true names and capacities of Defendants Does 1 through 10 are presently unknown to Ms. Pope, who therefore sues them by such fictitious names. Ms. Pope is informed and believes that each of the fictitiously named defendants is responsible in some capacity for matters herein alleged. Ms. Pope will amend this complaint to state the true names and capacities of Does 1 through 10 when they are ascertained.

**Jurisdiction and Venue**

29. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

30. The Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. § 1331 and 1338(a). This Court also has supplemental jurisdiction over Plaintiff's claims arising under state law under 28 U.S.C. § 1367, as those claims form part of the same case or controversy.

31. This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of California and in this judicial district, and acts of infringement complained of herein occurred in the State of California and in this judicial district.

32. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because the infringement occurred in this district, and each Defendant either resides in this district or has substantial and continuous ties to this district.

**First Claim for Relief**
**Copyright Infringement – 17 U.S.C. §§ 106, *et seq.***
**(Direct, Contributory, Vicarious)**
**(Against All Defendants)**

33. Ms. Pope re-alleges the allegations in Paragraphs 1 through 32.

34. Ms. Pope is the sole owner of the copyright in an original work that is fixed in tangible media of expression. On May 24, 2017, the United States Copyright Office accepted an application for copyright registration for the original work, Temptation Neon. It has been assigned case number 1-5210542911 by the Copyright Office.

35.     Upon information and belief, Defendants have produced, reproduced, prepared derivative works based upon, distributed, and publicly displayed Ms. Pope's protected work or derivatives of Ms. Pope's protected work without her consent. Defendants' acts violate Ms. Pope's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including Ms. Pope's exclusive rights to produce, reproduce, and distribute copies of her work, to create derivative works, and to publicly display her work.

36.     Defendants' infringement has been undertaken knowingly, and with intent to financially gain from Ms. Pope's protected copyrighted work. Defendants have failed to exercise their right and ability to supervise persons within their control to prevent infringement, and they did so with intent to further their financial interest in the infringement of Temptation Neon. Accordingly, Defendants have directly, contributorily, and vicariously infringed Ms. Pope's copyrighted work.

37.     Because of Defendants' infringing acts, Ms. Pope is entitled to her actual damages and Defendant's profits attributable in an amount to be proved at trial and all other relief allowed under the Copyright Act.

38.     Defendants' infringement has caused and is causing irreparable harm to Ms. Pope, for which she has no adequate remedy at law. Unless this Court restrains Defendants from infringing Ms. Pope's protected work, the harm will continue to occur in the future. Accordingly, Ms. Pope is entitled to preliminary and permanent injunction.

**Second Claim for Relief**
**Unfair Competition**
***Cal. Bus. & Prof. Code* §§ 17200, *et seq.* and common law**
**(Against All Defendants)**

39.     Ms. Pope re-alleges the allegations in Paragraphs 1 through 38.

40. Section 17200 of the *California Business and Professions Code* prohibits unfair competition, including "any unlawful, unfair or fraudulent business act or practice . . . ."

41. By engaging in the alleged conduct, Defendants have engaged in unlawful, unfair, or fraudulent business acts of unfair competition in violation of Sections 17200, *et seq.*, and California common law. This conduct includes Defendants' unauthorized use of Ms. Pope's copyrighted work (1) in promotions for Kylie Jenner's reality television show and (2) in postings on social media to increase their goodwill and brand power.

42. As an actual and proximate result of Defendants' unfair competition, Defendants have unjustly enriched themselves by, among other things, obtaining profits, depriving Ms. Pope of the compensation to which she is rightly entitled, and taking credit for Ms. Pope's original work. Ms. Pope is thus entitled to restitution of such sums in an amount to be proved at trial.

## PRAYER FOR RELIEF

Plaintiff Sara Pope prays for judgment in her favor against Defendants, and each Defendant, as follows:

A) That Defendants' products and materials that infringe Ms. Pope's copyright, as well as any other articles that contain or embody copies of Ms. Pope's original work, be impounded pursuant to 17 U.S.C. §. 503(a);

B) That Defendants' products and materials that infringe Ms. Pope's copyright, as well as any other articles that contain or embody copies of Ms. Pope's original work, be destroyed pursuant to 17 U.S.C. §. 503(b);

C) That Defendants be required to provide a full accounting to Ms. Pope for all profits derived from their use of Temptation Neon and their production, reproduction, and preparation of derivative works based on, distribution, and display of unauthorized Temptation Neon works in all media, from all sources, worldwide;

D) That Defendants be ordered to pay Ms. Pope all damages, including future damages, that Ms. Pope has sustained or will sustain as a result of the acts complained of herein, and that Ms. Pope be awarded any profits derived by Defendants as a result of said acts, or as determined by said accounting;

E) That Defendants be ordered to pay to Ms. Pope punitive damages as a result of Defendants' deliberate and willful misconduct;

F) That Defendants be ordered to pay to Ms. Pope pre-judgment and post-judgment interest on all applicable damages;

G) That Defendants be permanently enjoined from all further infringement of Temptation Neon; and

H) Such other or further relief as the Court may deem proper.

DATED: July 25, 2017                    LYNCH LLP

                                        By   /s/ Connor Lynch
                                             Connor Lynch
                                             *Attorneys for Plaintiff*
                                             *Sara Pope*

# DEMAND FOR JURY TRIAL

Plaintiff Sara Pope hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

DATED: July 25, 2017         LYNCH LLP

By /s/ Connor Lynch
   Connor Lynch
   *Attorneys for Plaintiff*
   *Sara Pope*